Mr. W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion regarding the use of Mastercard and Visa for the collection of franchise taxes. You have asked whether this is permissible, and you have also asked whether you would be allowed to pass the surcharge for the convenience of the use of the bank card onto the customer.
It has been stated that the medium of payment and the question of what may be accepted in the discharge of taxes rests with the legislature. 72 Am.Jur.2d State and Local Taxation 839. Statutory provisions governing the payment of corporate franchise taxes (Ark. Stat. Ann. 84-1834 et seq. (Repl. 1980) as amended by Act 19 of 1987) do not specify a particular means of payment. Yet Ark. Stat. Ann. 84-1716 (Repl. 1980) clearly indicates that the legislature envisions and anticipates payment of taxes generally by check. This statute states in pertinent part that "(t)he Commissioner of Revenues shall make daily deposits in the State Treasury of all moneys and checks collected by him. . . . The Treasurer shall promptly return to the Commissioner of Revenues all checks which for any reason were not paid, and it shall be the duty of the Commissioner of Revenues to collect all such checks."
Mastercard and Visa may be sufficiently similar to checks to also constitute, as a matter of common practice, an acceptable means of payment in the discharge of taxes.
Consideration must be given, however, to the potential ramifications of any discount involved in this regard. A discount has the potential effect of reducing the amount of franchise tax received by the State. The Secretary of State has no authority to forgive this tax, or any portion thereof. It may be successfully contended, moreover, that a diminished tax is contrary to Article 5, Section 33 and/or Article 12, Section 12 of the Constitution of Arkansas. The Arkansas Supreme Court has held that a matured tax claim is an "indebtedness" within the meaning of Article 12, Section 12. Federal Express Corp. v. Skelton, 265 Ark. 187,578 S.W.2d 1 (1979).
While it may therefore be concluded that acceptance of Mastercard and Visa is permissible, potential problems posed by any discount in this regard must be resolved.
Finally, with respect to the bank's service fee, it is my opinion that the customer's payment of this surcharge is appropriate and probably mandatory in the absence of an appropriation to cover this expense.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.